IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERRY HAWES,

    Plaintiff,

v.

JERRY BROWN,

    Defendant.

No. C 12-2024 WHA (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. 1983. His motion for leave to proceed in forma pauperis is granted in a separate order. For the reasons discussed below, the case is **DISMISSED** with leave to amend.

## ANALYSIS

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699

(9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. LEGAL CLAIMS

Plaintiff alleges that he is being forced against his will to take psychiatric medication. The Supreme Court has recognized a liberty interest in freedom from unwanted antipsychotic drugs. *Washington v. Harper*, 494 U.S. 210, 221-22 (1990). When liberally construed, therefore, the complaint could state a cognizable claim for the violation of his right to due process. However, plaintiff only names as a defendant the Governor of California. There is not allegation that the Governor was directly involved in administering or approving the medication. The Governor cannot be held liable for the conduct of his subordinates simply because he is their supervisor. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff will be given leave to amend his complaint to name as defendants any officials who were directly involved in forcibly administering the medication or whose actions proximately caused the medication to be administered. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed

2

1 | on an individual defendant under Section 1983 if the plaintiff can show that the defendant
2 | proximately caused the deprivation of a federally protected right).

### CONCLUSION

For the foregoing reasons,

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order (No. C 12-2024 WHA (PR)) and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time and in accordance with this order will result in the dismissal of this case.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Petitioner also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: June 7, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.12\HAWES2024.LTA.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE TERRY HAWES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>IN RE TERRY HAWES et al,<br><br>　　　　Defendant._____/ | Case Number: CV12-02024 WHA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 8, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Terry Ray Hawes
AB7051
Salinas Valley State Prison
PO Box 1050
Soledad, CA 93960-1050

Attorney General's Office
455 Golden Gate Avenue
San Francisco, CA 94102

Dated: June 8, 2012

　　　　　　　　　　　　　　　　　*Lashanda Scott*
　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　　　　By: Lashanda Scott, Deputy Clerk