**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERRY HAWES,

    Plaintiff,

v.

JERRY BROWN,

    Defendant.

_____/

No. C 12-2024 WHA (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    Plaintiff, a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. 1983 complaining that he was medicated against his will. His complaint was dismissed with leave to file an amended complaint because he did not identify who was allegedly involved in forcibly medicating him. Plaintiff filed a one-page "amended complaint" in which he identifies Dr. C. Breiner at Salinas Valley State Prison as being "directly involved" in the violation of his constitutional rights. He also names three attorneys, but he does not describe what actions they might have taken that caused him to be forcibly medicated, nor does he provide their location for service; consequently, plaintiff does not have a cognizable claim against these three defendants and they are **DISMISSED.**

    Accordingly, it is hereby ordered as follows:

    1. The "amended complaint" filed on July 23, 2012 (dkt. 10), is construed as an

amendment to the original complaint.

2. The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (dkt. 5) and the amendment to the complaint (dkt. 10) in this matter with all attachments thereto, and a copy of this order upon defendant: **Dr. C. Breiner at Salinas Valley State Prison**. A courtesy copy of the complaint and the amendment with their attachments, and this order, shall also be mailed to the California Attorney General's Office.

3. In order to expedite the resolution of this case:

a. No later than **84 days** from the date this order is filed, defendants shall file a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due. All papers filed with the court shall be promptly served on the plaintiff.

b. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28 days** from the date of service of the motion. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

If defendants file an unenumerated motion to dismiss claiming that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), plaintiff should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n. 4 (9th Cir.), *cert. denied, Alameida v. Wyatt*, 124 S.Ct 50 (2003).

c. Defendants **shall** file a reply brief no later than **14 days** after the date of service of the opposition.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

e. Along with their motion, defendants shall proof that they served plaintiff the

1 applicable warning(s) required by *Woods v. Carey*, No. 09-15548, slip op. 7871 (9th Cir. July 6,
2 2012) and/or *Stratton v. Buck*, No. 10-35656, slip op. 11477 (9th Cir. Sept. 19, 2012), at the
3 same time they served him with their motion. Failure to do so will result in the summary
4 dismissal of their motion without prejudice.

5     4. All communications by the plaintiff with the court must be served on defendant, or
6 defendant's counsel once counsel has been designated, by mailing a true copy of the document
7 to defendant or defendant's counsel.

8     5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
9 No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is
10 required before the parties may conduct discovery.

11     6. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court
12 informed of any change of address and must comply with the court's orders in a timely fashion.
13 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to
14 Federal Rule of Civil Procedure 41(b).

15     IT IS SO ORDERED.

16 Dated: October   2  , 2012.

17                              WILLIAM ALSUP
                                 UNITED STATES DISTRICT JUDGE

24 G:\PRO-SE\WHA\CR.12\HAWES2024.SRV.wpd

3

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion to dismiss for failure to exhaust administrative remedies, they are seeking to have your case dismissed. If the motion is granted it will end your case and there will be no trial.

A motion to dismiss for failure to exhaust administrative remedies is similar to a motion for summary judgment in that the court will consider materials beyond the pleadings. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. In considering a motion to dismiss for failure to exhaust administrative remedies, the court can decided disputed factual matters with regard to the exhaustion question. Because the court can resolve factual disputes, unlike a summary judgment opposition, it is not enough to merely show a genuine issue of material fact in opposition to the motion to dismiss.

4