IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TERRY HAWES,

          Plaintiff,

    v.

Dr. C. BREINER,

          Defendant.

_____/

No. C 12-2024-WHA (PR)

**ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

Plaintiff Terry Hawes, a California prisoner proceeding *pro se*, filed this civil rights action under 42 U.S.C. 1983. In his complaint (dkt. 5) and amendment (dkt. 10), he claims that defendant Christina O. Breiner, M.D., a psychiatrist working for the California Department of Rehabilitation and Corrections ("CDCR"), administered psychotropic medication without his consent in violation of his First and Fourteenth Amendment rights. Defendant filed a motion for summary judgment and served plaintiff with the warning about summary judgment motions required by *Rand v. Rowland*, 154 F.3d 952, 953–954 (9th Cir. 1998) (en banc). Despite that warning, plaintiff did not file an opposition. Plaintiff has filed multiple letters, which have been reviewed and considered. Defendant filed a reply brief. For the reasons stated herein, defendant's motion for summary judgment is **GRANTED**.

# ANALYSIS

## I.  STANDARD OF REVIEW

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56©). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Ibid.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp.v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. *Ibid.* If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Ibid.*

## II.  ANALYSIS

This motion for summary judgment is unopposed.  A district court may not grant a motion for summary judgment solely because the opposing party has failed to file an opposition. *Cristobal v. Siegel*, 26 F.3d 1488, 1494–95 & n.4 (9th Cir. 1994) (unopposed motion may be granted only after court determines that there are no material issues of fact).  The court may, however, grant an unopposed motion for summary judgment if the movant's papers are themselves sufficient to support the motion and do not on their face reveal a genuine issue of material fact.  *See Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1029 (9th Cir. 2001).

In 2009, plaintiff was allowed to defend himself at his preliminary hearing without medication or an attorney, but at his trial, he was involuntarily medicated (Compl. 3; Amend. Compl. 1).  On July 21, 2010, following his conviction, plaintiff refused to take his psychotropic medication in prison, and officials filed a petition for an administrative hearing to involuntarily

medicate him pursuant to state law (Motion for Summary Judgment ("MSJ") 4).  *See Keyhea v. Rushin*, 187 Cal. App.3d 526 (1986); Cal. Pen. Code §§ 2600 *et seq.*  A psychiatrist submitted a declaration in support of the petition stating that plaintiff suffered from paranoid schizophrenia, that he was incompetent to provide informed consent, and that he posed a grave danger to himself absent psychotropic medication (Request for Judicial Notice ("RJN") Ex. D at 1–4).  Following a hearing, an administrative law judge granted the petition and authorized officials to involuntarily medicate plaintiff for one year, from August 17, 2010, until August 17, 2011 (MSJ 5).  A judge re-authorized involuntary medication for another year following a hearing on August 4, 2011, and third order re-authorized the involuntary medication of plaintiff through August 2013 (*id.* 6-7).

Defendant's evidence shows that she was not involved in medicating him during his trial, but rather that she participated in medicating him without his consent between May 31, 2011, and March 13, 2012, while he was incarcerated (Breiner Decl. ¶¶ 4,7).  Defendant also submitted a declaration in support of the second petition to authorize involuntary medication; like the psychiatrist who had evaluated plaintiff in connection with the first petition, defendant found that plaintiff suffered from paranoid schizophrenia that would be stabilized with the medications Haldol and Stelazine (*ibid.*).

Plaintiff claims that defendant's administration of medication against his will violates his Fourteenth Amendment due process rights (Amd. Compl. 1).Plaintiff also contends that because the medication interferes with his religious worship, defendant's actions violate his First Amendment rights to freedom of religion.

**A.    Due Process**

The Supreme Court has recognized a liberty interest in freedom from unwanted antipsychotic drugs.  *Washington v. Harper*, 494 U.S. 210, 221–22 (1990).  If it is determined that an inmate is a danger to himself or others, and treatment in his medical interest, the Due Process Clause allows the State to treat an inmate with serious mental illness with antipsychotropic drugs against his will.  *Id.* at 227.  Forced medication can only be justified by a determination by a neutral fact-finder that the antipsychotic drugs are medically appropriate and that the circumstances justify their application. *Kulas v. Valdez*, 159 F.3d 453, 455–56 (9th Cir. 1998).

In addition to the substantive requirements above, the administration of antipsychotic drugs "cannot withstand challenge if there are no procedural safeguards to ensure the prisoner's interests are taken into account." *Harper*, 494 U.S. at 233.  A prisoner must be given notice and the right to be present at and participate in a hearing.  *Kulas*, 159 F.3d at 456.  A determination that an inmate can be properly involuntarily medicated due to dangerousness need not be made by a judicial decision or judicial hearing as opposed to an administrative determination.  *United States v. Loughner*, 672 F.3d 731, 754 (9th Cir. 2012).  Due process does not require that a prisoner be entitled to counsel at the hearing.  *Id.* at 756–57.

Defendant's evidence establishes that she did not violate plaintiff's substantive and procedural due process rights.  Defendant administered antipsychotic drugs to plaintiff pursuant to two orders by a neutral fact-finder following hearings at which plaintiff was present (MSJ 15).  The record from the first hearing, in July of 2010, shows that a psychiatrist diagnosed plaintiff with paranoid schizophrenia and found that without psychotropic medication plaintiff posed a danger to himself and others (RJN Ex. C).  Plaintiff had been notified that he could take the medication voluntarily, but he did "not demonstrate a sufficient understanding to be able to provide a reasoned and informed consent," and the physicians determined that there were no available alternatives to involuntary medication (*ibid.*).  Indeed, in the months leading up to the request for an involuntary medication order, plaintiff was admitted to the Mental Health Crisis Bed, where he would respond to staff only in "expletives or offensive gestures," refused showers, medication, and food, and began pulling out his own hair (*ibid.*).  Plaintiff was described as "[g]ravely disabled and incompetent to refuse psychotropic medication" (*ibid.*).  In July 2011, a subsequent petition was filed, supported by a declaration from defendant, who had been treating plaintiff since May 2011 (*id.* Ex. F).  Defendant's diagnosis and recommendations for plaintiff were largely identical to those supporting the earlier order.  She diagnosed him with paranoid schizophrenia, indicated that attempts at obtaining informed consent for the medication failed, and she considered him to be so gravely disabled that he "cannot use the basic elements of life essential to his health and welfare" (*ibid.*).  Furthermore, during the intervening year, plaintiff had threatened to kill a judge, spat on his

4

psychiatrist, had to be forcibly extracted from his cell by fourteen staff members, threatened to kill a staff member, and continued to refuse to acknowledge that he has a mental illness requiring treatment (*ibid*.).  Defendant described plaintiff as "[g]ravely disabled and incompetent to refuse psychotropic medication" (*ibid*.).  Based on this evidence, the judge signed an order for one year of involuntary medication (*id.* Ex. G).

In his original and amended complaint, plaintiff makes no reference to any of these proceedings, or the events described in the declarations. He did submit a number of letters to the court; however, these letters are not verified, and as such they cannot be treated as sworn affidavits, nor can the facts alleged therein be considered evidence opposing summary judgment.  *See Schroeder v. McDonald*, 55 F.3d 454, 460 & fn.10–11 (9th Cir. 1995).  Moreover, the letters contain no reference to the hearings, nor do they refute any of defendant's evidence that the involuntary medication was warranted.  Plaintiff contends that the fact that he was allowed to represent himself without medication at his preliminary hearing in 2009 shows that defendant should not have participated in involuntarily medicated him in 2011.  Defendant's papers show that by the time she participated in medicating him without his consent, a neutral fact-finder had found the medication as medically necessary to treat his psychiatric condition which posed a danger to himself and prison staff.  Under these circumstances, there is no genuine factual dispute as to whether plaintiff's substantive due process rights were violated.

Further, the uncontradicted record shows that plaintiff and his lawyer were properly served and notified 21 days prior to the hearings, and that plaintiff and his lawyer were present at the hearings (RJN Exs. D, G).  These procedural safeguards are constitutionally adequate.  The defendant's papers are sufficient to support her motion for summary judgment because they do not reveal any genuine issues of material fact pertaining to plaintiff's due process claim.

**B.     First Amendment**

The uncontested record shows that defendant is entitled to summary judgment on petitioner's First Amendment claims.  In order to establish a violation of his First Amendment right to freely exercise his religion, a prisoner must show a defendant burdened the practice of his religion without

5

1   any justification reasonably related to legitimate penological interests.  *See Shakur v. Schriro*, 514

2   F.3d 878, 883–84 (9th Cir. 2008).  Further, a state regulation or practice does not violate the First

3   Amendment's Establishment Clause "if (1) the enactment has a secular purpose; (2) its principal or

4   primary effect neither advances nor inhibits religion; and (3) it does not foster an excessive

5   entanglement with religion."  *Collins v. Chandler Unified Sch. Dist.*, 644 F.2d 759, 762 (9th Cir.)

6   (citing *Lemon v. Kurtzman*, 403 U.S. 602 (1971)).  Defendant's evidence shows that the prison's

7   decision to use psychotropic drugs that interfere with plaintiff's worship is reasonably related to the

8   legitimate penological interests of preventing harm to both plaintiff himself and the prison staff.

9   Similarly, those penological interests are entirely secular in purpose.  Plaintiff argues that because

10  defendant holds a Ph.D, or a doctorate of philosophy, and that philosophy is a "religion," her

11  medicating him violates the Establishment Clause (Compl. 4).  This claim is rejected.  The

12  involuntary medication of prisoners by those holding doctorate degrees does not advance, inhibit nor

13  is excessively entangle with religion.  The defendant's papers are sufficient to support their motion

14  for summary judgment, and do not reveal any genuine issues of material fact regarding plaintiff's

15  claim that his First Amendment rights were violated.

16                                          **CONCLUSION**

17          Defendants' motion for summary judgment (Docket No. 34) is **GRANTED**.

18          The Clerk shall enter judgment and close the file.

19          **IT IS SO ORDERED**.

20  DATED: November _14_, 2013

21                                                      _____
                                                        WILLIAM ALSUP
22                                                      United States District Judge

23

24

25

26

27

28                                              6